829 F.2d 39
 1987-2 Trade Cases 67,713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MORRISTOWN BLOCK AND CONCRETE PRODUCTS COMPANY, Plaintiff-Appellant,
v.
GENERAL SHALE PRODUCTS CORP., Defendant-Appellee.
 No. 86-6126
 United States Court of Appeals, Sixth Circuit.
 September 9, 1987.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 In this private antitrust action, plaintiff alleged that defendant had engaged in predatory pricing of its concrete cinder building materials designed to put plaintiff out of the concrete cinder building materials business, thereby lessening competition by creating a monopoly. The parties agree that, in order to prevail, plaintiff was required to prove that defendant had engaged in anticompetitive conduct with the specific intent to monopolize and that the attempt had a dangerous probability of success. D. E. Rogers Assocs. v. Gardner-Denver Co., 718 F.2d 1431, 1435 (6th Cir. 1983), cert. denied, 467 U.S. 1242 (1984); Richter Concrete Corp. v. Hilltop Concrete Corp., 691 F.2d 818, 823 (6th Cir. 1982).
 
 
 2
 The anticompetitive conduct sought to be shown by plaintiff was predatory pricing.
 
 
 3
 Pricing is predatory when a company foregoes short-term profits in order to develop a market position such that the company can later raise prices and recoup profits.
 
 
 4
 Id.
 
 
 5
 Defendant contended that its pricing policy was an effort to remain competitive with plaintiff which had taken many of defendant's customers by charging less for its materials. It is, of course, not anticompetitive for a company to reduce prices to meet lower prices already being charged by competitors. Indeed, to force a company to maintain non-competitive prices would be to pervert the raison d'etre for antitrust laws. Id. at 826.
 
 
 6
 The essential issue in this appeal is whether the district court erred in its conclusion that there was no genuine issue of fact concerning defendant's intent to engage in predatory pricing.
 
 
 7
 Although, on summary judgment, the non-moving party is entitled to the benefit of favorable inferences to be drawn from summary judgment evidence, the Supreme Court has pointed out that antitrust law limits the range of permissible inferences which may be drawn. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574. Where the conduct relied upon by the non-moving party is as consistent with permissible competitive motivation as with non-competitive motivation, that conduct, standing alone, cannot support an inference of intent to engage in predatory pricing. The underlying conduct must be sufficiently unambiguous to exclude the drawing of a reasonable inference that the defendant was engaged in permissible competition.
 
 
 8
 Here the district court concluded that plaintiff's summary judgment evidence of defendant's conduct was just as consistent with an effort to promote competition as it was with an attempt to stifle it. We agree with the district court's careful analysis of that evidence, and conclude that, having granted to plaintiff every permissible inference to be drawn from its summary judgment evidence, there remains no genuine issue of fact concerning predatory pricing.
 
 
 9
 Accordingly, the order of the district court, granting summary judgment to defendant, is AFFIRMED.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Court for the Western District of Tennessee, sitting by designation